(25 App. Div. 147.)

PEOPLE ex rel. CANNING v. SHAW et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1898.)

VILLAGE OFFICERS—ELECTION.
    The provisions of the general village law (Laws 1897, c. 414, § 342) operated to repeal the provision of Laws 1893, c. 145, fixing the date of the annual election of officers of the village of Sea Cliff at the second Tuesday of September, and to render the same subject to Laws 1897, c. 414, § 55, designating the third Tuesday of March.

Appeal from special term, Kings county.

Application by the people, on the relation of William Canning, for a writ of mandamus against Daniel A. Shaw and others, as president and trustees of the village of Sea Cliff. From an order denying the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George B. Stoddart, for appellant.
John J. Lenehan, for respondents.

HATCH, J. We are not called upon in this case to determine the status of Shaw in respect of his right to hold the office of president, and of the other defendants to hold the office of trustees, of the village of Sea Cliff. The controversy does not necessarily involve their title to the office which each holds, nor does the writ asked for concern itself in any wise with such question. The order to show cause required the defendants to answer why a peremptory writ of mandamus should not issue requiring them to call and hold, in the manner prescribed by law, a special election within said village for the election of a president and a trustee of said village. The answer is complete if there exists no provision of law for holding such election, even though it be conceded that the defendants have no title to the respective offices held by them. If chapter 145 of the Laws of 1893 has not been repealed, then provision of law exists for the holding of an election as claimed by the relator. If the law has been repealed, then no election can be held except under the provisions of the general village law.

The village of Sea Cliff was incorporated under the general law of 1870 (chapter 291) for the incorporation of villages. Under the provisions of this law, elections for village officers were required to be held on the third Tuesday of March in each year. By chapter 145 of the Laws of 1893, a special act was passed relating to the village of

Sea Cliff, whereby the annual election of village officers was changed from the third Tuesday of March to the second Tuesday of September. The officers elected under this act entered upon their duties on the second Monday of October following their election. In all other respects the general law of 1870 remained applicable to said village. In 1897 the legislature adopted a general village law (Laws 1897, c. 414), which took effect on July 1st. This act, in express terms, repealed all of the provisions of the general village law of 1870. It is quite evident that it was the purpose of this act, so far as it was practicable, to bring all villages under a general policy, codify the law relating thereto, and perfect a general plan for their government. Subdivision 2 of section 342 of this act repealed all acts or parts of acts inconsistent therewith. Subdivision 3 of the same section went still further, and repealed "all acts or parts of acts relating specially, by name or otherwise, to villages now subject to a general law." This language is very broad, and, when taken in connection with the breadth and purpose of the act as gathered from its provisions, we think it indicates a clear intent to repeal the special act of 1893 relating to the election of village officers for this village. The special act was made applicable to the village by name, and the village was subject to the provisions of the general law, which was expressly repealed. The language of repeal contained in the act of 1897 could scarcely have had greater force or definiteness if it had named the village of Sea Cliff in terms, as it unmistakeably does in effect. By force of its provisions, therefore, the special act ceased to be; and in its place appeared section 55 of the village law, providing that the elections should be held upon the third Tuesday of March, in consequence of which there was no authority in law for holding an election on the second Tuesday of September, and therefore no duty or obligation rested upon the defendants to call or provide for an election at that time.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.